## John F. Golden et al., Appellants, v. William L. Ellwood et al., Appellees.

### Gen. No. 6,793.

BANKS AND BANKING, § 23*—*when persons are not stockholders.* The mere fact that certain persons, whose names never appeared on the books or records of the bank as stockholders therein and to whom the stock was never issued as executors of the estate, claimed to own the stock as executors of the estate, or retained as executors, or received and retained the dividends thereon as executors, does not make them stockholders of such bank within the meaning of article XI, sec. 6 of the Constitution, nor would the fact that they exchanged stock held by the estate for the stock in such bank without authority under the will be sufficient to render them so liable.

Appeal from the Circuit Court of De Kalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed June 29, 1920.

THOMAS M. CLIFFE and HIRAM T. GILBERT, for appellants.

KNAPP & CAMPBELL, for appellees; JOHN R. COCHRAN and LEONARD FERRIS MARTIN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

John F. Golden and Bernard Horwich as receivers of the Ashland-Twelfth State Bank, appellants, as creditors of the LaSalle Street Trust and Savings Bank, filed a bill in equity in the circuit court of De-Kalb county to hold the appellees, William L. Ellwood, Edwin Perry Ellwood and Albert Wallace Fisk, liable as stockholders of the LaSalle Street Trust and Savings Bank under section 6, art. XI of the Constitution. The appellees filed a demurrer to the bill; the demurrer

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was sustained by the court, and the bill dismissed for want of equity. From the decree dismissing the bill, this appeal is prosecuted.

It is averred in the bill that the appellees were executors of the estate of Isaac L. Ellwood, who died testate in DeKalb county on September 11, 1910; that at the time of his death Ellwood was the owner of 50 shares of the capital stock of the LaSalle Street National Bank, and these 50 shares of stock were a part of the assets of his estate at that time. Afterwards, on November 1, 1912, after the organization of the LaSalle Street Trust and Savings Bank, the 50 shares of stock in the National Bank were exchanged for 50 shares of stock in the Trust and Savings Bank, and were issued by the Trust and Savings Bank to, and in the name of, the estate of Isaac L. Ellwood. There are no averments in the bill which show that the appellees as individuals were ever stockholders in the LaSalle Street Trust and Savings Bank, but the bill alleges that the appellees became stockholders because in their capacity as executors of the estate of Isaac L. Ellwood, but without power under the will of Isaac L. Elwood to acquire or hold bank stock as such executors they pretended to be so authorized by said last will and testament when they caused certificate No. 361 for 50 shares of said Trust and Savings Bank to be issued to the estate of Isaac L. Ellwood in exchange for the 50 shares of the capital stock of the La-Salle Street National Bank which the estate owned; and because they received said certificate, and thereafter, and until after the suspension of said Trust and Savings Bank, retained the same, claiming to be the owners and holders of said 50 shares of stock as executors; and because in that capacity prior to the suspension of said Trust and Savings Bank, about April 25, 1914, they received from said Trust and Savings Bank the sum of $62.50 for and on account of a dividend declared by the directors of said Trust and Sav-

ings Bank upon said stock, and as executors retained the said dividend.

It is clear from the averments of the bill that the stock in question was never issued to the appellees as executors of the estate, and that their names never appeared on the books or records of the bank as stockholders, but the books of the bank showed that the estate of Isaac L. Ellwood was the stockholder of the shares of stock in question. It is distinctly held in *Golden v. Cervenka*, 278 Ill. 409, that a creditor under the section of the constitution referred to could only hold those persons liable who appeared on the books of the bank to be the holders of the stock. The mere fact that the appellees claimed to own the 50 shares of stock as executors of the estate of Isaac L. Ellwood, or the retention of the stock by them as executors, or the receipt and retention of dividends on the stock by them as executors, would not make them stockholders within the meaning of said section of the Constitution referred to; nor would the fact that they were without authority under the provisions of the will of Isaac L. Ellwood, to make the exchange of stock for the estate, make them stockholders of the bank. They cannot therefore be considered stockholders in fact or in law; and it follows that they could not be held or subjected to liability as stockholders. We are of opinion, therefore, that the court did not err in sustaining the demurrer to the bill, and that the bill was properly dismissed for want of equity. The decree is affirmed.

*Decree affirmed.*